FILED

01/06/2026

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. ERWIN TYRONE HALFACRE

**Criminal Court for Hamilton County**
**No. 317677**

_____

**No. E2025-02098-CCA-T10B-CO**

_____

## ORDER

Before the court is the petition of the Defendant, Erwin Tyrone Halfacre, for an accelerated interlocutory appeal pursuant to Supreme Court Rule 10B, Section 2, seeking review of the trial court's December 30, 2025 order denying the Defendant's motion for recusal.  The Defendant also seeks a stay of the trial proceedings, which are scheduled to begin on January 6, 2026.  On January 5, 2026, this court denied the Defendant's request for a stay.  Following our *de novo* review, we now affirm the trial court's order denying the Defendant's motion for recusal.

### SUPREME COURT RULE 10B

Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal.  The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit.  The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials.  The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party who is represented by counsel is not permitted to file a pro se motion under this rule.

Tenn. Sup. Ct. R. 10B, Sec. 1.01.  If the trial judge denies the motion, the party may then

file a petition for appellate review. *Id.*, Sec. 2.01. The petition must be filed within twenty-one days of the trial court's order, and the appealing party is required to promptly file a copy of the petition with the trial court clerk and serve all other parties. *Id.*, Sec. 2.02. Section 2.03 further requires the petition to include a statement of the issues presented for review, a statement of the relevant facts, and supporting argument requesting specific relief, as well as copies of any order or opinion and any other parts of the record necessary for determination of the appeal. If this court determines, based on the petition and supporting documents, that an answer from the State party is unnecessary, the court may act summarily on the appeal. *Id.*, Sec. 2.05.

Having reviewed the timely-filed petition and supporting documents, the court has determined that an answer from the State, additional briefing, and oral argument are not necessary for a determination of the appeal. Therefore, the court has elected to act summarily.

## BACKGROUND

According to the petition and attachments before this court, the Defendant is charged with especially aggravated kidnapping, aggravated assault, and possession of a firearm during the commission of a violent felony. The Defendant asserts that the trial court should have recused itself based upon comments that call into question the trial court's impartiality in this case, which the Defendant further alleges "suggest that the [trial court] has personal ('extrajudicial') knowledge about the injuries suffered by the victim." Specifically, the Defendant argues that the trial court "made comments about the injuries suffered by the victim . . . that could suggest that the [trial court] has a bias with respect to [the Defendant]'s guilt or innocence." The allegedly improper comments were made during an April 28, 2025 hearing concerning the Defendant's motion to continue a previously set trial date and a related request for subpoena and *in camera* review of Department of Children's Services records concerning the victim.[1]

Almost eight months after the April 28, 2025 hearing, on December 15, 2025, the Defendant, through appointed counsel, filed a motion for recusal in the trial court alleging the same grounds as those presented in the petition this court. Following a hearing held on December 17, 2025, the trial court entered a written order on December 30, 2025 denying the motion for recusal. In denying the Defendant's motion for recusal, the trial court

---

[1] The court notes that the trial court's December 30, 2025 order indicates that both the continuance and request for *in camera* review of the DCS records were ultimately granted by the trial court.

found that no reasonable person would question the trial court's impartiality.   In so doing, the trial court noted that

> The comments made on April 28, 2025 consisted of an earnest examination of the grounds for the Defendant's motion to continue the trial date so that records from the Department of Children's Services could be obtained.   The defense alleged that records sought were exculpatory in nature because they would establish that [the victim] was manufacturing the grounds for [the Defendant]'s arrest.

> Engaging in inquiry as to the substance and validity of the grounds for the motion, even in a tone of skepticism, does not constitute bias or prejudice such that recusal is merited in this case.   The request being made required the Court to balance the rights of the Defendant, the rights of the alleged victim, who has seen may trial dates come and go, and specific legislative limitations on [the trial court's] ability to order the records produced.

> . . . .

> Defendant's claim of bias is also undercut by the fact that the motion to continue the trial was granted, and a revised scheduling order was entered immediately thereafter.   Ultimately, the Court determined that [the Defendant]'s due process rights necessitated a continuance of the trial date so that all possible defenses could be explored.   Granting the motion to continue weighs against an appearance of partiality or bias on the part of the Court.

> Further, the Court's knowledge of the expanse of alleged injuries sustained by the victim is not proof of bias against the Defendant . . . . The Court has presided over numerous hearings in this case during which . . . the Assistant District Attorney has enumerated the alleged injuries of [the victim].   Defendant has had the benefit of multiple continuances of trial dates over the course of three (3) years, and each time the State has objected on the basis of the rights of the victim and seriousness of the case.   More than once this Court has heard a recitation of the extent of injuries.

## STANDARD OF REVIEW

This court reviews a trial court's ruling on a motion to recuse under a *de novo* standard of review.   Tenn. Sup. Ct. R10B, Sec. 2.01.   "A judge should grant a motion to recuse when the judge has any doubt as to his or her ability to preside impartially in the

case *or* when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (internal quotation omitted) (emphasis added). Hence, the test is ultimately an objective one since the appearance of bias is as injurious to the integrity of the judicial system as actual bias."  *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001).

A judge's duty to recuse springs from a constitutional source: Article VI, section 11 of the Tennessee Constitution provides that "[n]o Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he [or she] may be interested . . . ."  Our Supreme Court has explained "[t]he purpose of Article 6, § 11 of our Constitution is to insure every litigant the cold neutrality of an impartial court." *Leighton v. Henderson*, 414 S.W.2d 419, 421 (Tenn. 1967).  Similarly, the Code of Judicial Conduct requires a judge to perform the duties of his or her office without bias or prejudice. Tenn. Sup. Ct. R. 10, R 2.3(A).  Accordingly, the Code demands that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, R 2.11(A).  Our supreme court has reiterated that "the analysis for impartiality . . . in fact is whether 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *State v. Griffin*, 610 S.W.3d 752, 762 (Tenn. 2020) (quoting *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008) and *Liberty Mut. Ins. Co.*, 38 S.W.3d at 564).

## ANALYSIS

At the outset, the court observes that the attachments to the petition do not contain either a transcript of the April 28, 2025 hearing during which the allegedly improper comments were made or a transcript of the December 17, 2025 hearing.  Further, the Defendant did not serve the petition on the trial court clerk or properly serve the State. Tenn. Sup. Ct. R. 10B, Sec. 2.02.  While counsel served a copy of the petition on the Hamilton County District Attorney General's Office, the Office of the Attorney General and Reporter in Nashville has the exclusive authority to attend to the business of the State in matters before this court.  Tenn. Code Ann. § 8-6-109(b)(2).  Moreover, based upon the limited record presented to this court, we conclude that the trial court properly denied the motion for recusal.

## CONCLUSION

After a *de novo* review of the petition and attachments thereto, this court concludes that the trial court properly denied the Defendant's motion to recuse.  Knowing all the facts known to trial court, a person of ordinary prudence would not find a reasonable basis

for questioning her impartiality in this case. Thus, neither the Tennessee Constitution nor the Code of Judicial Conduct mandate that the trial judge recuse herself under the circumstances presented herein. The trial court's order denying the Defendant's motion for recusal is AFFIRMED. Because the Defendant is indigent, the costs associated with this proceeding are taxed to State. The appellate court clerk shall promptly forward a copy of this order to all parties, to the trial court, and to the trial court clerk.


JUDGE KYLE A. HIXSON
JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE STEVEN W. SWORD